J-S03035-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LARRY EDWARD SHOWALTER, II, | : | |
| Appellant | : | No. 557 WDA 2020 |

Appeal from the PCRA Order Entered April 16, 2020
in the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000132-2013

BEFORE:    DUBOW, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED: September 17, 2021**

Appellant, Larry Edward Showalter, II, appeals from the April 16, 2020 order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

This Court previously summarized the relevant facts and procedural history as follows.

> The multiple charges brought against Appellant stem from allegations made by his biological daughter that he raped her on multiple occasions when she was between the ages of 8 and 11. On June 19, 2014, a jury convicted Appellant of two counts of rape of a child, two counts of involuntary deviate sexual intercourse (IDSI), two counts of aggravated indecent assault, two counts of incest, endangering the welfare [of] children, corruption of minors, and three counts of indecent exposure.[1] Appellant was found not guilty of an additional fourteen charges. After an evidentiary hearing on September 24, 2014, the trial court designated Appellant a sexually violent predator and sentenced him to an aggregate term of 60–120 years of imprisonment.

_____

* Retired Senior Judge assigned to the Superior Court.

¹ 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(a)(7), 4302, 4304(a)(1), 6301(a)(i), and 3127(a), respectively.

Appellant filed a timely appeal to this Court, in which he asserted trial court error in its admission of hearsay statements made by the victim, as well as a challenge to the discretionary aspects of his sentence. Although we concluded that the trial court erred in admitting the statements as an excited utterance, we found the error harmless because the victim had already made the same statements in her own testimony at trial. We then raised *sua sponte* the issue of whether Appellant's sentence, which included the application of mandatory minimums, was illegal in light of the United States Supreme Court's decision in **Alleyne v. United States**, 570 U.S. 99 (2013), and subsequent Pennsylvania cases applying the **Alleyne** holding, including **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014). Because these cases concluded that the application of the mandatory minimums were unconstitutional, we vacated and remanded for resentencing. **See Commonwealth v. Showalter**, 145 A.3d 770 (Pa. Super. 2016) (unpublished memorandum).

Upon remand, Appellant was resentenced on June 22, 2016, to an aggregate term of 56–120 years. The trial court denied Appellant's timely-filed motion for reconsideration of sentence.

**Commonwealth v. Showalter**, 178 A.3d 146 (Pa. Super. 2017) (unpublished memorandum at 1–3). On September 8, 2017, this Court affirmed Appellant's Judgment of Sentence. **Id.**

On August 1, 2018, Appellant *pro se* filed a timely first PCRA Petition. Therein, Appellant claimed, *inter alia*, that trial counsel was ineffective for failing to file a motion for recusal of the trial judge and the District Attorney. The Honorable Travis W. Livengood, who presided over Appellant's jury trial, recused himself in regard to the PCRA Petition. The matter was transferred to the Honorable Thomas S. Ling, who appointed counsel to represent

Appellant. On April 30, 2019, PCRA counsel filed an Amended Petition, raising the following claims: (1) trial counsel was ineffective for failing to request a change in venue because the District Attorney, William Higgins, had a sexual relationship with Appellant's wife; (2) trial counsel was ineffective for failing to file a motion for recusal of Judge Livengood because he was a friend and former work colleague of the District Attorney; (3) appellate counsel was ineffective for failing to argue properly Appellant's appeal; and (4) trial and appellate counsel were ineffective for failing to inform the courts of Appellant's hearing disability or ensure accommodations for Appellant under the Americans with Disabilities Act. Amended PCRA Petition, 4/30/2019.

The PCRA court held an evidentiary hearing on February 3, 2020. At the hearing, the PCRA court heard testimony from Appellant's friends, Michael Edmiston and Michael Batzel, as well as Appellant. Edmiston and Batzel testified to an occurrence around 2002, where they alleged to have seen Appellant's wife, Virginia Showalter, drinking at a restaurant with Attorney Higgins. Thereafter, Edmiston and Batzel followed the two to the courthouse, and then notified Appellant of what they had seen. Appellant testified that Edmiston and Batzel informed him of this meeting, but when he confronted Showalter, she denied it. Appellant also testified that Judge Livengood had worked as a part-time Assistant District Attorney under Attorney Higgins and that the victim in this case may have interacted with

Attorney Higgins and/or Judge Livengood when she would wait at the courthouse for Showalter to finish work.[1]  N.T., 2/3/2020, at 36.  According to Appellant, he notified trial counsel of these relationships and asked her to file a motion to recuse and for change of venue, but was unsure why she did not file such motions.  *Id.* at 37–38.  Appellant did not call trial counsel, Showalter, or Attorney Higgins to testify at the PCRA hearing.  On April 16, 2020, the PCRA court denied Appellant's PCRA Petition.

Appellant timely appealed.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.  On appeal, Appellant raises one issue: "Whether the Court of Common Pleas of Bedford County erred in denying [Appellant's] Amended [PCRA] Petition[.]"  Appellant's Br. at 4 (unnecessary capitalization omitted).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error.  *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)).  "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings."  *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted).  "Further, the PCRA court's credibility determinations are binding on this

---

[1] At some point after the alleged meeting between Showalter and Attorney Higgins, Showalter began working for the Domestic Relations office, which was housed in or near the courthouse.

Court, where there is record support for those determinations." *Id.* (citation omitted).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

On appeal, Appellant argues that the PCRA court erred in denying his Amended Petition because trial counsel ignored Appellant's request to file a motion for change of venue, Attorney Higgins failed to disclose his contacts with Showalter and the victim in this case, and Judge Livengood erred in failing to recuse. Appellant's Br. at 10–14.[2] According to Appellant, Judge Livengood "had a familiarity with … Showalter in her capacity as a Domestic

---

[2] Appellant does not argue that the PCRA court erred in denying his PCRA claims that appellate counsel was ineffective in arguing Appellant's issue on appeal and that trial and appellate counsel were ineffective for failing to apprise the courts of Appellant's hearing disability. Thus, we do not consider whether the PCRA court erred in dismissing these claims.

Relations Enforcement Officer and should have recused himself on that basis alone." *Id.* at 14.

In dismissing Appellant's PCRA Petition, the PCRA court found the underlying claims to be without merit, and that Appellant failed to establish that counsel's actions lacked a reasonable basis or that Appellant suffered prejudice as a result of counsel's actions.

> Th[e PCRA c]ourt heard no evidence whatsoever indicating that a basis existed for recusal. A serious flaw in [Appellant's] argument is that he has made no factual allegations demonstrating that the trial judge was biased. The fact that [Judge Livengood] in the early part of his career, once worked as an assistant district attorney does not lead to the conclusion that [he] was biased. … There were no facts presented in the instant matter to indicate that [Judge Livengood] had any knowledge of this matter during his tenure in the district attorney's office. [Judge Livengood] took the bench in January 2012, whereas the charges were filed on March 20, 2013.
>
> Additionally, the record is wholly devoid of any facts indicating that [Judge Livengood] and … Showalter were friends or had anything more than a previous professional working relationship. … Showalter was merely an employee of the Domestic Relations Office. For [Appellant] to imply otherwise is simply conjecture.
>
> Along the same theory, [Appellant] argues that trial counsel was ineffective for failing to file a Motion for Recusal of … Attorney … Higgins. The only testimony offered in support of this theory was that approximately twelve years prior to the trial in this case, [Attorney] Higgins and [Showalter] were seen socializing at a local restaurant and then entered the Bedford County Courthouse. Additionally, pictures posted on Facebook showed an apparent friendship between Showalter, [the victim,] and [Attorney] Higgins. There was no evidence presented indicating a sexual or romantic relationship existed between … Showalter and [Attorney] Higgins that would require recusal on the part of [Attorney] Higgins. In fact, [Appellant] himself testified that when asked, [Showalter] denied meeting with

[Attorney] Higgins and the two remained married for an additional five (5) years before separating in 2007.

Due to the lack of evidence presented, th[e PCRA c]ourt finds that [Appellant] has failed to demonstrate that his claims have merit. Even if th[e PCRA c]ourt found that [Appellant's] claims have merit, he failed to establish that trial counsel's actions lacked a reasonable basis. [Appellant] did not present any testimony from trial counsel as to why she did not pursue a change of venue or recusal of [Judge Livengood] and/or … Attorney [Higgins]. … [T]rial counsel is presumed effective and the burden of rebutting that presumption rests with [Appellant].

Additionally, [Appellant] has failed to establish the third prong of the test. [Appellant] failed to demonstrate that he was prejudiced by trial counsel's failure to seek a change of venue or recusal. To be successful, [Appellant] must explain how his Motions, had they been made and granted could have led to a different result given the evidence adduced against him. A review of the record indicates that a key piece of evidence admitted at trial was the consensual interception of a telephone call between the victim and [Appellant, wherein, *inter alia*, he claimed to have acted out of despair because Showalter "had no desire" for him, clarified that he "never stuck [his] thingy up inside of [her,]" was ashamed of what he had done, hoped she "had forgotten about it[,]" and did not mean to hurt her.]

Considering the evidence presented at trial, including [Appellant's] own words on the consensual telephone interception, th[e PCRA c]ourt does not find that a reasonable probability exists that but for trial counsel's ineffectiveness, [Appellant] would have had a different outcome at trial.

PCRA Ct. Op., 4/16/2020, at 5–8.

Upon review, we agree with the PCRA court's analysis and hold that the PCRA court's findings are supported by the record and its conclusions are free from legal error. Appellant is, therefore, not entitled to relief. Having concluded that Appellant is not entitled to relief, we affirm the PCRA court's Order.

Order affirmed.

Judge Murray joins the memorandum.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  09/17/2021